**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEONTAY PORTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:25 CV 00154 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Movant Keontay Porter has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his § 2255 motion Porter asserts that he received ineffective assistance of counsel. For the reasons set forth below, I will deny Porter's motion.

## I. Background

On November 11, 2021, Saint Louis Metropolitan Police Department SWAT officers were on patrol when they observed a speeding vehicle. The vehicle had a defective driver side break light, as well as a license plate registered to a different vehicle. The officers conducted a traffic stop. The sole occupant and operator of the vehicle, Keontay Porter, rolled down the window. The officers smelled the odor of marijuana smoke coming from the vehicle. After questioning Porter about the traffic violation, the officers inquired whether there were any weapons in the

vehicle. Porter responded that there was a gun under the seat. Porter claimed the gun belonged to his brother. The officers removed Porter from the vehicle. The firearm was a semi-automatic pistol with one round of ammunition located in the chamber and a magazine containing 14 rounds of ammunition. As Porter was being handcuffed, he claimed to have ecstasy on his person. The officer retrieved a pill bottle containing suspected narcotics from Porter's left pant pocket. Additionally, the officers located $2,135 in cash on Porter's person.

Porter was read his Miranda rights. When asked if he understood Porter responded "Man, just kill me, kill me." Furthermore, Porter stated that he was on probation for delivery of a controlled substance and stated that he did not want to go back to jail. Upon further inspection of the vehicle the officers located a cellophane wrapping containing suspected marijuana. Porter was arrested for Unlawful Possession of a Firearm, Delivery of a Controlled Substance, and Possession of Marijuana.

The SLMPD Crime Laboratory reports stated that the firearm was a Glock make, 17 Gen5 model, 9mm caliber semi-automatic pistol with large capacity of 17 round magazine. The firearm was not reported stolen. The controlled substances were confirmed to be 1.46 grams of marijuana and 59.05 grams of methamphetamine.

Several months later, on June 1, 2022, officers of Moline Acres, Missouri

Police Department were on patrol and observed a subject driving a vehicle, later confirmed to be Porter, run a stop sign. Officers initiated a traffic stop. Officers approached the vehicle and began speaking with Porter. Porter was the sole occupant of the vehicle. During the conversation Porter became agitated and drove off at high speed. The officers pursued Porter. Porter stopped the car and exited the vehicle. He had a backpack over his left shoulder. Porter had a revolver in his right hand and raised it in the officers' direction as he fled. Porter raised the revolver towards the officers' direction a second time during the pursuit. Porter discarded the backpack but was ultimately apprehended. While in the booking area at the station Porter repeatedly yelled, "Kill me, kill me, just kill me." Porter was arrested for Unlawful Possession of a Firearm-Exhibiting, Delivery of a Controlled Substance, and Resisting Arrest. Additionally, Porter was issued citations for No Operators License, No Proof of Insurance, Failure to Register Vehicle, Stop Sign Violation, and Assault of a Police Officer. The officers located the discarded backpack. Additionally, the revolver and numerous pills which were suspected to be methamphetamine and or fentanyl were also located.

According to the St. Louis County, Missouri Police Department Crime Laboratory reports, the controlled substances were confirmed to be 19.549 grams of methamphetamine, 8.28 grams of fentanyl, 5.6 grams of cocaine, 30 milligrams of amphetamine, 54 milligrams of methylphenidate, 8.992 grams of marijuana,

31.659 grams of tetrahydrocannabinol (THC), 1 prescription bottle containing 90 tablets of clonazolam, and 1 prescription bottle containing 21 tablets of bromazolam. The firearm was a Taurus Armas make, 65 model, .357 caliber revolver single and double action with 6 round capacity, 5 rounds of ammunition in the firearm. The firearm was not reported stolen.

The controlled substances attributable to Porter are not subject to precise calculation. Porter possessed methamphetamine, a Schedule II controlled substance, fentanyl, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance. On June 6, 2022, Porter was taken into federal custody by the United States Marshal Service in St. Louis Missouri.

Porter was charged in this Court with a three-count superseding indictment. United States v. Porter, 4:22CR69 RWS. Count I Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Count II Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 841(b)(1)(C). Count III Possession of a Firearm in Furtherance of a Drug Trafficking Crime 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 924(c)(1)(A)(i).

On December 21, 2023 the parties entered into a plea agreement. In exchange for Porter's voluntary plea of guilty to the lesser offense of Count II Possession with Intent to Distribute Methamphetamine, and to Count III Possession of a Firearm in Furtherance of a Drug Trafficking Crime, the United States Attorney

agreed to the dismissal of Count I Felon Possession of a Firearm. The parties agreed that the quantity of methamphetamine, for which Porter is accountable for, is at least 50 grams, but not more than 200 grams. Furthermore, the United States Attorney agreed to not pursue further federal prosecution, known at the time of the indictment, which included events that occurred in Moline Acres on June 1, 2022.

The plea agreement stipulated that Porter could not request a sentence below 96 months, and the Unites States Attorney would not request a sentence above 144 months. Both parties understood that the District Court was not a party and was not bound by the guidelines and recommendations set forth in the plea agreement. The parties agreed that the Base Offense Level was 24 pursuant to USSG §2D1.1(c)(8), of the 2023 Guidelines Manual. The parties also agreed that the two levels would be added pursuant to USSG §2D1.1(b)(1), because a dangerous weapon was possessed.

Porter was sentenced on March 28, 2024, for 97 months imprisonment; 3 years supervised release. On the same day Porter also signed a Notice of Compliance with Local Rule 12.07(A) which waived his right to appeal his sentence.

O January 23, 2025, Porter filed the present motion to Vacate, Set Aside or Correct Sentence.

## II. Grounds for Relief

Porter claims he received ineffective assistance from his counsel, Eric M. Selig,

which violated Porter's Sixth Amendment rights in that Selig: (1) failed to file a motion to dismiss the § 922(g) charge in Count I and § 924(c); (2) failed to appeal the mental health competency evaluation; and (3) failed to file notice of appeal as to Count III.

## III. Legal Standard

A motion pursuant to § 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Davis v. United States 417 U.S. 333, 343 (1974). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Watson v. United States, 493 F.3d 960, 963 (8th Cir 2007). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). One exception arises when there is a "miscarriage of justice," but the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence, and the Supreme Court has not extended the exception to situations beyond involving a petitioner's

actual innocence." Id. (citations omitted). "[T]he Court has emphasized the narrowness of the exception and has expressed its desire that it remain rare and available only in the extraordinary case." Id. (citations omitted). Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S.614, 622 (1998) (citations omitted).

## IV. Analysis

### A. Porter's ineffective assistance of counsel claim regarding § 922(g) fails because the statute is constitutional.

To prevail on a claim alleging ineffective assistance of counsel, a defendant must satisfy the two-part test of found in Strickland v. Washington, 466 U.S. 668 (8th Cir. 1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that counsel's performance was deficient where counsel's performance

fell below an objective standard of reasonableness.'" Id at 688. But "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id at 690. And "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id at 689. If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Porter claims that his counsel's actions were deficient because counsel "failed to investigate the law, facts and circumstances of the case" and failed to seek the dismissal of the § 922(g) charge in Count I. [ECF #1-1 at 2] Porter claims that his Second Amendment right to bear arms was violated by being charged as a felon in possession under § 922(g). However, the Eighth Circuit has previously rejected such challenges to § 922(g). In United States v. Jackson, the Eighth Circuit upheld the constitutionality of § 922(g)(1) and rejected arguments like Porter's. Section 922(g) was found to be constitutional under both the binding law at the time of Porter's conviction, United States v. Jackson, 69 F.4th 495 (8th Cir. 2023), as well as current binding law, Jackson II, which was decided after Porter's conviction and confirmed the decision in Jackson I. The Eighth Circuit's affirmance of the constitutionality of § 922(g)(1) renders Porter's claim without merit. Because the Eighth Circuit's decision in Jackson I was binding both at the time of the plea and

sentencing, and the Eighth Circuit's decision in Jackson II is binding currently, Porter's counsel was not ineffective for failing to challenge the constitutionality of § 922(g). Counsel need not raise non-meritorious claims. See United States v. Johnson, 707 F.2d 317, 323 (8th Cir. 1983).

**B. Section 924(c)(1)(A) was appropriately applied to due to Porter's possession of a firearm in furtherance of drug trafficking.**

Porter claims that his counsel was deficient because he failed to challenge the charge of possession of a firearm in furtherance of drug trafficking under § 924(c)(1)(A) "because Mr. Porter did not admit to using drugs." [ECF #1-1 at 3] This allegation does not support a claim of ineffective assistance of counsel. In Porter's plea agreement, he admitted to "knowingly violating Title 18, United Stated Code, Section 924(c)(1)(A), and admit[ted] there is factual basis for the plea." United States v. Porter, 4:22CR69 RWS [ECF #64 at 3] Further, in the plea agreement Porter stated that he understood that one of the elements of § 924(c)(1) was that "at the time defendant knowingly possessed a firearm, he did so in furtherance of the crime of possession with intent to distribute methamphetamine." Id. Now Porter claims that he "did not admit to ***using*** the firearm to protect the drugs" This claim is immaterial and does not change the validity of the § 924(c)(1)(A) charge because mere possession of a firearm in furtherance of the drug trafficking crime is enough to violate § 924(c)(1)(A).

**C. Record indicates Porter's claim that he directed his counsel to file an appeal is without merit.**

Counsel "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Furthermore, the United States Supreme Court has stated that "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id at 478. For an ineffective counsel claim to succeed a petitioner must show that they made their desire to appeal evident. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). "A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Id.

Porter claims that his counsel failed to file an appeal as Porter requested. Porter's claim is not credible and contradicted by the record. The record does not reflect that Porter requested his counsel to file an appeal. Porter claims "Mr. Porter asked his counsel to appeal. Counsel failed to file an appeal and did not discuss any of my appeal rights or procedures . . . ." Porter does not specify when he asked

his counsel to file an appeal or what claims he sought to assert on appeal. Beyond his unsupported claim that his counsel failed to appeal Porter's competency evaluation, Porter claims, "Counsel failed to appeal and did not discuss any of my appeal rights with me or any procedure." Porter offers nothing beyond these conclusory statements regarding his attempts to appeal. They do not include a place, time, or medium of communication to test the validity of these claims.

The record contains a Notice of Compliance with Local Rule 12.07(a). This document, signed by Porter, states "Defense counsel has explained to defendant his right to appeal, defendant does not wish to file a Notice of Appeal, and defendant has signed below to so indicate." The Notice of Compliance with Local Rule 12.07(a) was signed March 28, 2024, the same date Porter was sentenced. Further undermining Porter's credibility is Porter's affirmation of his plea agreement which stated that he had "been fully appraised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence." [ECF #64 at 10]

These documents refute Porter's claims that he asked his counsel to appeal, and that his counsel never discussed his appeal rights. As a result, the ground for relief is without merit.

**I. Even if Porter's attorney failed to appeal Porter's mental competency evaluation Porter's challenge still lacks merit.**

Porter claims that his counsel failed to challenge Porter's competency

evaluation on direct appeal. “An attorney will not be held negligent for failure to make a non-meritorious motion.” Johnson, 707 F.2d at 323. Counsel cannot be considered ineffective for failing to raise issues upon which a defendant would not have succeeded. Id. The burden of proving incompetency to stand trial rests with the defendant. United States v. Mueller, 661 F.3d 338, 352 (8th Cir. 2011). Additionally, competency is viewed under clear error with determination of competency being a factual finding which must be affirmed unless clearly arbitrary or unwarranted, or clearly erroneous. United States v. Washington, 968 F.3d 860 (8th Cir. 2020).

In this case my determination that Porter was competent to stand trial was based on the finding of a psychiatrist, Dr. William Newman. Porter, 4:22CR69 RWS [ECF #76] In Newman’s analysis he deemed Porter competent able to demonstrate a sufficient understanding of the criminal proceedings as well as the ability to assist and communicate with his defense counsel. Id. Nothing within Porter’s 2255 motion indicates that Dr. Newman’s findings were arbitrary or unwarranted. Furthermore, nothing within Newman’s report or the record indicates any error that would call the analysis into question. The record does not support Porter’s claim that his counsel should have appealed the competency evaluation. As a result, Porter’s counsel was not ineffective for failing to appeal the competency determination.

**D. No need to hold a hearing.**

Under 28 U.S.C. § 2255(b) a petitioner is entitled to an evidentiary hearing on a section 2255 motion "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because Porter's claims are refuted by the record or are not valid claims there is no need to hold a hearing. The facts and record in this case conclusively show that Porter is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Keontay Porter to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2026